IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

R. BRUCE HERSCHEND and )
DIANNA HERSCHEND, )
 )
          Plaintiffs, )
 )
vs. )   Case No. 07-3426-CV-S-ODS
 )
WILLIAM J. HILL, III and )
DEBRA A. HILL, )
 )
          Defendants. )

## ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, FOR REMITTITUR, OR FOR NEW TRIAL

A jury returned verdicts in favor of Plaintiffs on August 24, 2009, finding Defendants (1) fraudulently misrepresented facts to induce Plaintiffs to enter a contractual relationship, (2) breached the operating agreements of two separate LLCs, and (3) were unjustly enriched by Plaintiffs. In an Order dated October 1, the Court (1) denied Plaintiffs' request for declaratory relief and (2) determined the amount of the total amount of the judgment was $1,368,380, broken down as follows:

| Claim | Award |
|---|---|
| Fraudulent Misrepresentation | $268,716 actual<br>$380,328 punitives |
| Breach of both the RBD Operating Agreement and the Butterfly Creations Operating Agreement | $631,620 actual |
| Unjust Enrichment | $87,716 actual |

Now pending is Defendants' post-judgment motion, which seeks (1) judgment as a matter of law, (2) remittitur, or (3) a new trial. The motion (Doc. # 190) is denied on the merits.[1]

Defendants are entitled to judgment as a matter of law only if there is not a legally sufficient evidentiary basis for a reasonable jury to find Defendants liable as reflected in the jury's verdicts. The Court is obligated to review the record in the light most favorable to the verdicts. E.g., Genthe v. Lincoln, 383 F.3d 713, 716 (8th Cir. 2004). "A motion for new trial based on sufficiency of the evidence should be granted only if the jury's verdict was against the great weight of the evidence, so as to constitute a miscarriage of justice." EFCO Corp. v. Symons Corp., 219 F.3d 734, 739 (8th Cir. 2000). When considering whether to grant a new trial on this ground a court may "rely on its own reading of the evidence and grant a new trial even where substantial evidence exists to support the verdict." Dominium Mgt Services, Inc. v. Nationwide Housing Group, 195 F.3d 358, 366 (8th Cir. 1999).

Defendants do not suggest any legal errors justify the granting of their motion. Their entire argument is predicated on a review of the evidence. The Court has reviewed the parties' arguments and considered the evidence admitted at trial. The Court concludes there was sufficient evidence to support the jury's verdict, so judgment as a matter of law cannot be granted. Defendants have essentially presented their view of the facts – but this view was rejected by the jury in favor of Plaintiffs' view of the facts. The jury could have credited Defendants' explanation of the facts, but chose not to do so. This does not deprive the jury's verdict of evidentiary support.

Similarly, the Court does not believe a miscarriage of justice has occurred that would warrant a new trial. The jury heard the testimony and reviewed the documentary evidence, and credited the Plaintiffs' version of events. Having also heard the testimony and seen the evidence, the Court does not believe the jury's view of matters was against the great weight of the evidence.

---

[1] The Court does not believe it necessary to address Plaintiffs' procedural arguments.

Case 6:07-cv-03426-ODS   Document 227   Filed 11/23/09   Page 2 of 3

Defendants do not explain their request for remittitur, so the Court is not sure whether they are challenging the actual damages, the punitive damages, or both. Defendants make a passing reference to a concern about awarding Plaintiffs a double recovery, but this issue was resolved in the Court's October 1 Order and Defendants do not contend that Order was in error. The Court notes the punitive damage award on the fraud claim is slightly more than the actual damages awarded, so there is no concern about the award being unconstitutional.

Defendants' post-trial motion (Doc. # 190) is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 23, 2009
UNITED STATES DISTRICT COURT