IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| R. BRUCE HERSCHEND and DIANNA HERSCHEND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 07-3426-CV-S-ODS |
| WILLIAM J. HILL, III and DEBRA A. HILL, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR AWARD OF ATTORNEY FEES

A jury returned verdicts in favor of Plaintiffs on August 24, 2009, finding Defendants (1) fraudulently misrepresented facts to induce Plaintiffs to enter a contractual relationship, (2) breached the operating agreements of two separate LLCs, and (3) were unjustly enriched by Plaintiffs. In an Order dated October 1, the Court (1) denied Plaintiffs' request for declaratory relief and (2) determined the amount of the total amount of the judgment was $1,368,380. Now pending is Defendants' motion for an award of attorney fees. The motion (Doc. # 207) is denied.

Defendants invoke section 36 of the RBD Operating Agreement, which reads as follows:

> In the event of a breach of this Agreement, the breaching party shall pay to each of the non-breaching parties such parties' reasonable attorneys' fees and costs and shall protect, defend and hold the other parties harmless from any and all claims, damages, liabilities and expense in connection with damages incurred by third parties by any unauthorized act or conduct of such breaching party and from any loss or damage resultant to the Company or the non-breaching party on account of any unauthorized act or conduct of such breaching party.

Defendant contends it prevailed on Count I, so it is entitled to an award of fees. However, section 36 does not permit an award of fees to the prevailing party; it permits

an award of fees to the non-breaching party to be paid by the party that breaches the Operating Agreement. Plaintiffs were not found to have breached the RBD Operating Agreement, so section 36 does not permit an award of fees.

      The Court rejects Defendants' argument that Plaintiffs judicially admitted section 36 permits an award of fees to a prevailing party when it alleged, in paragraph 26 of the Amended Complaint, that section 36 permits an award of fees to the prevailing party in a dispute about the Operating Agreement. Defendants' Amended Answer correctly describes paragraph 26 as permitting the Court to order the breaching party to pay the non-breaching party's fees. Thus, both parties are taking positions now that conflict with their pleadings. In this circumstance, the Court prefers to follow the actual dictates of the parties' agreement.

IT IS SO ORDERED.

DATE: December 9, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT